**Virginia COLE, Plaintiff-Appellee,**

**v.**

**CHOCTAW COUNTY BOARD OF EDU-CATION, Defendant-Appellant.**

**No. 71-2682**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

J. Edward Thornton, Mobile, Ala., John Christopher, Butler, Ala., for defendant-appellant.

Frankie Fields Smith, Mobile, Ala., Franklin, E. White, Jack Greenberg, Lowell Johnston, New York City, for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

We are in agreement with the well considered opinion of the district court, appended hereto, and its judgment is affirmed.

Affirmed.

1. Choctaw County bus drivers are employed each year on a one-school-year contract basis. Each bus driver employed in the preceding year is automatically rehired

APPENDIX

FINDINGS OF FACTS & CONCLUSIONS OF LAW

(Number and title omitted)

The above-styled cases having been heretofore consolidated for trial were tried before the Court sitting without a jury on March 3, 1971. After consideration of the evidence and the arguments of counsel, the Court makes the following findings of fact and conclusions of law.

FINDINGS OF FACT

1. The plaintiffs, Virginia Cole and Frank Cottrell, were school bus drivers for the defendants, Choctaw County Board of Education. Neither have been re-employed since June 1968. Both are Negroes. Mrs. Cole had been driving a school bus in Choctaw County since 1948; Mr. Cottrell, since 1961.

2. Both plaintiffs contend they were not rehired because of their civil rights activity in Choctaw County, with particular reference to the school boycott in 1967.

3. Frank Cottrell was not rehired because he had many delinquent debts and his debtors frequently sought assistance from James H. Hutchinson, the supervisor of transportation, in collecting them. His debts gave rise to an incident on school grounds where he threatened another driver with a shotgun. While Mr. Cottrell may have been a civil rights activist, the sole reason for his discharge[1] was his indebtedness and the problems resulting therefrom.

4. Defendant contended at the trial that Mrs. Cole was not rehired for the following reasons:

(a) The location of her replacement's residence was closer to the beginning of the route and therefore saved several bus miles per day.

the next year after passing driving tests administered locally. Failure to rehire a driver is equivalent to discharging him.

(b) There was some evidence Mrs. Cole had been siphoning gasoline from her bus.

(c) Mrs. Cole experienced considerable maintenance and mechanical problems with her 1948 Ford bus that the defendants considered caused by Mrs. Cole.

(d) Mrs. Cole developed an "uncooperative and negative attitude".

5. Mr. Hutchinson did not mention reasons (a) and (d) as reasons for discharging Mrs. Cole in his June 1970 deposition. Mr. Hutchinson prepared a typewritten list of drivers that he recommended the Board hire and Mrs. Cole's name was scratched out with pen and replaced with the name Herbie James, also with pen.

6. The Court finds that Mrs. Cole was discharged because she discussed racial segregation in Choctaw County Schools with the FBI and she had actively supported the 1967 school boycott. While the reasons in paragraph 4 above may be valid reasons to discharge a driver, these were not the reasons for which Mrs. Cole was discharged.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the subject matter under 28 U.S.C.A. § 1343 and 42 U.S.C.A. §§ 1981 and 1983.

2. The school board cannot discharge public employees as a penalty for exercising their First Amendment rights when such exercise is completely unrelated to and in no way conflicts with the performance of his job. Pickering v. Board of Education, 391 U.S. 563, 88 S. Ct. 1731, 20 L.Ed.2d 811 (1968); Freeman v. Gould Special School District of Lincoln County, Arkansas, 8 Cir., 405 F.2d 1153 (1969), cert. denied 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93; Battle v. Mulholland, 439 F.2d 321 (5th Cir., 1971).

3. The Choctaw County Board of Education discharged Virginia Cole

for constitutionally impermissible reasons. Accordingly, she is entitled to immediate reinstatement and back pay at the rate she would have been entitled to had she been continuously employed since 1968.

4. The Choctaw County Board of Education did not discharge Frank Cottrell for constitutionally impermissible reasons.

A judgment will be entered in accordance with the above findings of fact and conclusions of law.

DONE at Mobile, Alabama, this the 29th day of April, 1971.

/s/ Daniel H. Thomas
UNITED STATES
DISTRICT JUDGE