**KINGSVILLE INDEPENDENT SCHOOL DISTRICT, a Municipal Corporation, Plaintiff-Appellant, Cross-Appellee,**

v.

**Janet COOPER, Defendant-Appellee, Cross-Appellant.**

**No. 77–2995.**

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1980.
As Modified on Denial of Rehearing April 21, 1980.

Scott T. Cook, Corpus Christi, Tex., for plaintiff-appellant, cross-appellee.

Robert M. Weinberg, Julia Penny Clark, Michael H. Gottesman, Washington, D. C., for defendant-appellee, cross-appellant.

Before THORNBERRY, GODBOLD and TATE, Circuit Judges.

GODBOLD, Circuit Judge:

Beginning in 1967, Janet Cooper was employed by the Kingsville [Texas] Independent School District as a high school teacher under a series of annual contracts and without tenure. In the spring of 1972 the District decided not to renew her contract for the 1972–73 academic year. The District initiated this suit, seeking a declaratory judgment that it had not violated Cooper's rights. Cooper counterclaimed for equita-

ble relief, including reinstatement with back pay, alleging violation of her First and Fourteenth Amendment rights and basing her action on 42 U.S.C. § 1983 and on the Constitution.

In August 1973, after a trial, the district court found for Cooper and awarded her $15,000, described as "the damages for all the injuries of any kind suffered by her as a result of the controversy," plus attorneys' fees of $4,500. Presumably the "damages" were intended to be approximately the amount of her salary for the 1972–73 and 1973–74 school years.[1]

The Board appealed and Cooper cross-appealed raising as one of her issues the failure of the district court to order that she be reinstated. By an unpublished opinion this court vacated the judgment and remanded for full consideration in light of several intervening Supreme Court decisions. We stated our intention that the remand "open all issues to all parties," with right to amend all pleadings.

On remand the district court entered a pre-trial order in which it noted that Cooper's claim for reinstatement was before the court and that, if she prevailed, she would be entitled to reinstatement. The district court, in 1977, held § 1983 inapplicable but inferred a direct cause of action under the Constitution with jurisdiction grounded on 28 U.S.C. § 1331. The court again found for Cooper and again awarded $15,000 damages and attorneys' fees of $4,500. It also ordered that she be reinstated.

The District again appealed and Cooper cross-appealed. At the request of the District the trial court stayed Cooper's reinstatement pending appeal.

## I. The facts

Cooper was hired as an American history teacher in 1967. The District has no formal system of tenure, and all teachers are employed under annual teaching contracts. Renewal decisions are made each spring for the following academic year. Despite the fact that some complaints were received about Cooper's teaching, her contract was renewed each year until 1972. The number of complaints received was about average for a Kingsville teacher, and most were neither investigated nor discussed with Cooper.

In the fall of 1971, Cooper employed a technique known as "Sunshine simulation" to teach American history of the post-Civil War Reconstruction period. The technique involved role-playing by students in order to recreate the period of history. It evoked strong student feelings on racial issues. Parental complaints about Cooper increased significantly as a result of the Sunshine project. Cooper was twice called before the principal to discuss the project. The District's personnel director was present at the second meeting, and he told Cooper "not to discuss Blacks in American history" and that "nothing controversial should be discussed in the classroom." However, no District official ever prohibited her from completing the project, and she did complete it.

Despite the controversy engendered by the Sunshine project, both the principal and the superintendent recommended that Cooper's contract be renewed for the 1972–73 academic year. The Board of Trustees disagreed, however, and declined to renew her contract. Board members testified at trial and by deposition that they disapproved of the Sunshine project and that the volume of complaints received diminished Cooper's effectiveness as a teacher. Although vague references were made to other complaints, Board members, when pressed, could remember few complaints other than those about the Sunshine project. The district court found that the nonrenewal was "precipitated" by Cooper's use of the Sunshine technique and that other complaints were "minimal in effect."

The District raises three grounds on appeal: that no cause of action existed under either § 1983 or the Constitution; that no

---

1. For the 1971–72 year her salary had been $7,020. She would have received an increase of approximately $400 for the 1972–73 year and an additional increase for the 1973–74 year.

violation of Cooper's constitutional rights occurred; and that the court had no power to award attorneys' fees. In her cross-appeal Cooper contends that the $15,000 "damages," awarded in 1973 and re-awarded in 1977, plus the order to reinstate her (entered in 1977 and still stayed), were an insufficient remedy, and that the re-award of $4,500 attorneys' fees was insufficient because it included no fees for the first appeal or for proceedings on remand.

## II. The cause of action

 The District contends that an independent school district does not come within the purview of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which overruled *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and held "local governing bodies" amenable to suit under § 1983. This court has already held *Monell* applicable to a Texas junior college, *Goss v. San Jacinto Junior College*, 588 F.2d 96, 98 (5th Cir.), *modified on other grounds*, 595 F.2d 1119 (5th Cir. 1979), which "enjoy[s] the same legal and constitutional status as 'independent school districts'" under Texas law. *Hander v. San Jacinto Junior College*, 519 F.2d 273, 279 n. 3 (5th Cir. 1975). *See also Moore v. Tangipahoa Parish School Board*, 594 F.2d 489 (5th Cir. 1979) (*Monell* applicable to parish school board); *White v. Dallas Independent School District*, 581 F.2d 556 (5th Cir. 1978) (en banc) (§ 1983 action remanded for reconsideration in light of *Monell*, strongly suggesting that Texas independent school district is within scope of *Monell*). The District's argument is therefore unpersuasive. Moreover, prior to *Monell* this court held a Texas independent school district subject to suit under § 1983 for equitable relief, including back pay, notwithstanding *Monroe v. Pape's* interdiction of damage suits against municipalities. *Harkless v. Sweeny Independent School*

*District*, 427 F.2d 319 (5th Cir. 1970), *cert. denied*, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971). Thus, Cooper's action was maintainable at the time it was before the district court, and it remains so now.

 The District also contends that *Monell* itself bars this action by forbidding suits based on decisions that are not "officially adopted and promulgated" by a governing body. 436 U.S. at 690, 98 S.Ct. 2018, 56 L.Ed.2d at 635. In essence, the District argues that liability here is based solely on the doctrine of respondeat superior and is therefore explicitly precluded by *Monell*. This argument is patently without merit. School district personnel decisions by the body entrusted with such decisions are "officially adopted and promulgated." *Moore v. Tangipahoa Parish School Board, supra*, 594 F.2d at 493. The District is liable for the actions of the Board of Trustees not on the basis of respondeat superior but because the only way the District can act, practically as well as legally, is by and through its Board of Trustees. *See Stoddard v. School District No. 1*, 590 F.2d 829, 835 (10th Cir. 1979).

 Finally, the District contends that even if it is subject to suit under § 1983, it is entitled to qualified immunity—and thus to a good faith defense—on the basis of *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). This court has already held that *Wood* does not apply to awards against a school district but only to awards against individual members of the Board.[2] *Hander v. San Jacinto Junior College, supra*, 519 F.2d at 277 n. 1. The District's argument is therefore without merit, and there is no bar to Cooper's § 1983 action.[3]

## III. Constitutional violations

The District makes three separate arguments to support its contention that no

---

2. There is a conflict among the circuits on this question. *Compare Bertot v. School District No. 1*, 613 F.2d 245 (10th Cir. 1979) (en banc) *with Paxman v. Campbell*, 612 F.2d 848 (4th Cir. 1980) (en banc) *and Owen v. City of Independence*, 589 F.2d 335 (8th Cir. 1978). The Supreme Court has granted certiorari in *Owen*,

—— U.S. ——, 100 S.Ct. 42, 62 L.Ed.2d 28 (1979).

3. Because we hold that Cooper's action is maintainable under § 1983, we need not decide whether there is also an implied cause of action under the Constitution.

violation of Cooper's constitutional rights occurred. The District asserts, first, that the district court's finding that the Sunshine project precipitated the nonrenewal is clearly erroneous; second, that Cooper's conduct was unprotected activity; and third, that the district court refused to determine, as it was required to do under *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), whether the Board would have made the same decision without considering the Sunshine project.

■ The district court's finding on a factual issue will not be disturbed unless it is clearly erroneous, that is, unless this court is "left with the definite and firm conviction that a mistake has been committed." *U. S. v. U. S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948).

■ The findings that the Sunshine project precipitated the nonrenewal and that other complaints about Cooper were minimal in effect are not clearly erroneous. We reach this conclusion on the basis of the evidence considered by the district court. Both the principal and the superintendent, to whom Cooper was directly responsible, and who were best able to observe her performance, recommended that her contract be renewed. In his final evaluation of her the principal rated her as "outstanding" or as "thoroughly satisfactory" on each category of her teaching performance. Until the Sunshine controversy arose most complaints about Cooper were neither investigated nor discussed with her, and the Board voted to renew her contract despite these complaints. Several Board members stated in depositions that they thought the Sunshine technique and subject matter inappropriate for a high school history class. Board members who testified that the volume and not the substance of complaints influenced their decisions placed primary emphasis on the Sunshine complaints. One Board member testified that complaints

about the Sunshine project were the sole reason for her vote. Finally, the difference between the handling of earlier complaints and the handling of complaints about Sunshine—the latter included two conferences with the principal and several reports to the Board—suggests that all concerned considered the earlier complaints routine and insignificant when compared with the Sunshine project.

■ The District's argument that the Sunshine project was unprotected by the First Amendment because it was private expression must fail in light of *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S.Ct. 693, 696, 58 L.Ed.2d 619, 623 (1979), which holds that private expression by a public employee is protected speech. We thus join the First and Sixth Circuits in holding that classroom discussion is protected activity. *Minarcini v. Strongsville City School District*, 541 F.2d 577 (6th Cir. 1976); *Keefe v. Geanakos*, 418 F.2d 359 (1st Cir. 1969).

■ It follows that Cooper's discharge for discussions conducted in the classroom cannot be upheld unless the discussions "clearly . . . over-balance [her] usefulness as an instructor . . . ." *Kaprelian v. Texas Woman's University*, 509 F.2d 133, 139 (5th Cir. 1975); *see also Lindsey v. Board of Regents*, 607 F.2d 672 (5th Cir. 1979). The district court found that such a condition was not present, and the District does not contest this finding.[4] Thus, the district court's finding that Cooper sustained her prima facie burden of showing a violation of her constitutional rights must be upheld.

■ The District also argues, however, that it should have been given, and was denied, a chance to rebut this finding by demonstrating that it would have made the decision to discharge Janet Cooper even had it not considered the Sunshine project, citing *Mt. Healthy City School District v.*

---

**4.** This district argues instead that the district court applied the wrong standard and that any substantial disruption of academic discipline justifies discharge for exercise of First Amendment rights. *Kaprelian* makes clear that the test is not whether substantial disruption occurs but whether such disruption overbalances the teacher's usefulness as an instructor.

*Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471, 484 (1977). The district court's findings that the Sunshine project precipitated the nonrenewal and that other complaints were minimal in effect together satisfy the requirement of *Mt. Healthy* and *Givhan v. Western Line Consolidated School District,* 439 U.S. 410, 417, 99 S.Ct. 693, 697, 58 L.Ed.2d 619, 625 (1979). The district court did not explicitly find that Cooper would have been rehired but for the Sunshine project. However, that court's findings of fact adequately support such an inference. This case is therefore unlike that before the Supreme Court in *Mt. Healthy,* where the district court found only that the protected activity played a "substantial part" in the discharge, or in *Givhan,* where the factual determination of causation "could not, on [the] record, be resolved by the Court of Appeals." 439 U.S. at 417, 99 S.Ct. at 697, 58 L. Ed.2d at 626.

### IV. Damages

As already pointed out, the initial award of $15,000, made in August 1973, approximated Cooper's salary for the 1972–73 year, already completed, and the 1973–74 year, just commencing. Damages were not at that time available because *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), had not been overruled. The equitable remedy of back pay was, however, available. *Harkless v. Sweeny Independent School District, supra.* On remand, when the district court again awarded damages it made no new and independent assessment of the amount of the award but merely reinstated the earlier $15,000 award and added a provision for Cooper's reinstatement to her teaching position. The district court did not indicate whether it intended the right to reinstatement to be effective as of the entry of its judgment in 1977 or as of some earlier date.

 The usual award of back pay covers the period from wrongful termination to effective reinstatement. *See, e. g., Lee v. Selma City School System,* 552 F.2d 1084 (5th Cir. 1977); *Ward v. Kelly,* 515 F.2d 908 (5th Cir. 1975); *Cole v. Choctaw County*

*Board of Education,* 471 F.2d 777 (5th Cir.), *cert. denied,* 411 U.S. 948, 93 S.Ct. 1926, 36 L.Ed.2d 410 (1973). Nothing in this case supports awarding Cooper any less when the court entered its judgment on remand in August 1977. Since reinstatement was then stayed at the request of the Board, Cooper is entitled to judgment for back pay beginning with the 1972–73 year and continuing until effective reinstatement, subject to principles of mitigation. In order that a fresh judgment can be entered making such award, the award of $15,000 is vacated.

### V. Attorneys' fees

 The district court had authority to award attorneys' fees under 42 U.S.C. § 1988, as that statute applies to all cases pending at the time of its enactment. *Crowe v. Lucas,* 595 F.2d 985 (5th Cir. 1979); *Miller v. Carson,* 563 F.2d 741 (5th Cir. 1977); *Gore v. Turner,* 563 F.2d 159 (5th Cir. 1977); *Hodge v. Seiler,* 558 F.2d 284 (5th Cir. 1977); *Rainey v. Jackson State College,* 551 F.2d 672 (5th Cir. 1977).

 The district court erred, however, in not awarding attorneys' fees for the initial appeal and remand. *Harkless v. Sweeny Independent School District,* 608 F.2d 594, 597 (5th Cir. 1979); *Johnson v. Mississippi,* 606 F.2d 635 (5th Cir. 1979); *Iranian Students Ass'n v. Edwards,* 604 F.2d 352 (5th Cir. 1979). We vacate the award of $4,500 attorneys' fees in order that the court can enter a fresh award that takes into consideration the new judgment entered for back pay, and the services on initial appeal and remand and on this appeal and remand therefrom.

AFFIRMED in part, VACATED in part and REMANDED.