Charles GURULE, in behalf of himself
and all others similarly
situated, Plaintiffs,

v.

Alex WILSON, Warden, Colorado State
Penitentiary; Jack Capelli, Associate
Warden, Medium Security, Colorado
State Penitentiary; Five Unknown
Named Guards of Medium Security, Col-
orado State Penitentiary, Defendants.

Frank R. ALLARID, Register No. 41590,
Colorado State Penitentiary, Plaintiff,

v.

Alex WILSON, Warden, Colorado State
Penitentiary, individually and in his
official capacity, Defendant.

Henry ALVEREZ, Plaintiff,

v.

Alex WILSON, Warden, Colorado State
Penitentiary, individually and in his
official capacity, Defendant.

Civ. A. Nos. 74–A–926, 74–A–943
and 74–A–945.

United States District Court,
D. Colorado.

Sept. 29, 1981.

Jonathon B. Chase, Boulder, Colo.; Bar-
bara Salomon, Denver, Colo.; and Donald
H. Beskind, Durham, N. C., for plaintiffs.

Robert M. Petrusak, Asst. Atty. Gen.,
State of Colo., Denver, Colo., for defend-
ants.

MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

These consolidated cases are before me in
compliance with remand from the Court of
Appeals.

(This case is remanded for) a redeter-
mination of attorneys fees for plaintiffs
as prevailing parties below and on appeal.
In making this award, the court should
articulate its reasoning to demonstrate
how it reached its conclusion. 635 F.2d
782 (10th Cir.).

FEE ALLOWANCES FOR SERVICES
IN TRIAL COURT

In its opinion directing remand the appel-
late court found that "... the hourly
amount awarded here seems parsimonious."
In fixing "reasonable fees"; I do not per-

ceive a trial judge as being a meter reader. I did not make the award on an hourly basis although I did give consideration to the time spent by the attorneys and the hourly rates that have been allowed in other cases. The Court of Appeals directed plaintiffs' counsel be compensated for time spent on the class action issue. A review of the file, with particular emphasis on the affidavits of the respective attorneys, discloses that Messrs. Chase and Beskind spent no time on the issue and Ms. Salomon spent approximately 20 hours on the matter.

Plaintiffs' lead counsel candidly conceded that he did not keep any contemporaneous time records in connection with his work in this case at either the trial or appellate levels. He is fortunate in that defense counsel Joseph deRaismes stipulated:

> The question which we are ready to consider for the purpose of this hearing is that the fee does represent the nominal charge in this jurisdiction for attorney's services of the nature and caliber of those provided by the attorneys involved. In other words, we are not going to put the plaintiffs to the burden of having attorney witnesses show that this is a customary fee. We conclude that the hours which are listed in the affidavits are the hours which are actually spent and those hours on the whole are reasonable.

No such stipulation was made in connection with the application for fees to be awarded for the appellate work.

■ As I understand it, one of the elements that attorneys take into consideration in determining a fair hourly rate for their services is the overhead expense that an attorney is required to bear in connection with his/her practice. The Court permitted defense counsel to examine Professor Chase at a hearing held in an effort to comply with the remand. From that examination I find that Professor Chase uses the facilities at the University of Colorado Law School—such as office space, secretarial help, office equipment, law library and research assistance provided by law students—without any personal expense to him or to the American Civil Liberties Un-

ion for whom he handled this case. The Law School receives a major portion of its financial support from the state of Colorado; Chase is a full-time professor at the school. Any award for attorney's fees in the instant case will be paid by the state of Colorado. It, therefore, seems just and proper to consider this contribution of overhead expense provided by the State in arriving at a reasonable fee to award Professor Chase.

As directed in the Appellate Court's Opinion, I shall now also utilize the criteria set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to aid me in determining the amount of the fee awards.

(1) *The Time and Labor Required.*

For the purposes of this item I will use the stipulation above referred to in connection with the work at trial level.

(2) *The Novelty and Difficulty of the Questions.*

The legal issues were not complex. The only significant task was to persuade defendants to adopt reasonable guidelines for treatment of prisoners and to follow those guidelines.

(3) *The Skill Required Properly to Represent Plaintiffs.*

Plaintiffs' lead counsel is skilled in prisoner's rights cases; the other plaintiffs' counsel were not. Reaching a beneficial solution for plaintiffs required more patience and perseverance than skill on the part of counsel. They exercised perseverance but not patience.

(4) *Preclusion of Other Employment.*

This is not a factor. Lead counsel is a full-time professor at the Colorado University School of Law; and during the period involved he took sabbatical leave which permitted him to teach at a law school on the West Coast for a period of time.

(5) *Customary Fee.*

As noted, defense counsel stipulated that the hourly rate requested by plaintiff at the trial level was reasonable.

(6) *Awards in Similar Cases.*

There seems to be no reliable pattern established in this Circuit. *See Bowie v. Denver*, etc., 78–M–1186 (D.Colo.1981). In *Barela v. United Nuclear Corp.*, 462 F.2d 149 (10th Cir. 1972), an hourly rate of $25 was approved. A fee of $2,000 for 162 hours spent on the case (equaling $12 per hour) was approved in *Brito v. Zia Co.*, 478 F.2d 1200, 1204 (10th Cir. 1973). In *Keyes v. School District No. 1*, 439 F.Supp. 393 (D.Colo.1977), Judge Finesilver allowed hourly rates of $45 and $35, and in *Battle v. Anderson*, 614 F.2d 251 (10th Cir. 1979), an hourly rate of $60 was approved.

(7) *Time Limits Imposed by Clients or Circumstances.*

This is not a factor; there was no evidence of any constraints on the time of any of plaintiffs' counsel.

(8) *Experience, Reputation and Ability of Attorney.*

See pages 7 and 8 of my Memorandum Opinion filed October 25, 1978.

(9) *Undesirability of the Case.*

This is not a factor.

(10) *Nature and Length of the Professional Relationship with the Plaintiffs.*

Not a factor. The relationship is transitory except with members of the class that are 'long termers'.

(11) *Amount Involved and Results Obtained.*

No financial involvement. Results are satisfactory.

(12) *Fixed and Contingent Fee.*

Fee was contingent upon success in the suit and plaintiffs' counsel have earned a fee.

Considering all of the factors and criteria discussed above, I find that the following amounts should be awarded to counsel for all of their services on the trial court level: Chase, $4,800; Beskind, $1,050; Salomon, $1,650. These amounts include allowances for services of counsel in this Court after remand.

## FEE ALLOWANCE ON THE APPEAL

■ As previously noted, no contemporaneous time records were kept by Professor Chase in connection with the appeal. His computation as shown in his affidavit filed July 6, 1981, wherein he claims 119 hours, states: "... this computation is his best recollection and reconstruction of the hours spent by him by reference to the briefs filed before the Court of Appeals and his own memory and calendar records." Ms. Salomon makes no claim for fees in connection with the appeal. Beskind did not participate in the appellate proceedings.

I have examined the files and records in the office of the clerk of the Court of Appeals. I find that the hours claimed for briefing are excessive—and particularly so for an expert in the field. Forty hours are claimed for the opening brief of 32 pages plus indexing; and he was assisted in this brief by a law student for whom no award is claimed. The following number of hours were charged to other briefs filed by Professor Chase:

Reply and answer brief, 19 pages.....25 hours

First supplemental brief, 6 pages plus reproduced copies of three court decisions.................15 hours

Second through seventh supplemental briefs containing a total of less than 12 pages of text material..... 8 hours

Most of the supplemental briefs merely contain citations of newly found authority, including some from the Tenth Circuit.

A total of 88 hours is charged for briefing. It is apparent to me that many of the cases cited in the appellate briefs had been identified in the research done in connection with the same issues dealt with on the trial level. The "spade work" had been done and it is being compensated for in the award made for legal services at the trial level.

In *Wesson, etc., v. Johnson*, No. 27415, District Court, Adams County, Colorado, a class action brought pursuant to 42 U.S.C. § 1983, in which Professor Chase was attorney for the prevailing parties, his affidavit supporting his application for attorney's fees shows that he spent only 26 hours preparing briefs filed in connection with the appeal to the Colorado Court of Appeals.

I find that 66 hours (75% of the time claimed) is an adequate and fair number of hours to attribute to briefing in the instant case. This figure does not include the time spent by the law student in his research. I am here reminded that in the Order on Hearing entered by the Court of Appeals on November 10, 1980, it awarded plaintiff-appellee "... 75% of the costs borne by plaintiff-appellee for their briefs and reproduction of the appendix."

The 15 hours claimed by counsel for Perfection of Appeal; Review of Record; Designation of Record, etc., is also excessive. In *Wesson v. Johnson, supra,* counsel claimed only two hours for this activity; it is his position that much more time is required for that activity in connection with an appeal in the federal court system than in the state court system. Assuming that position is correct, in this Court's opinion it should not take five times the amount of time to get an appeal on its way in federal court. Under the facts and circumstances in this case, eight hours is a generous allowance of time for these activities.

I am aware of no standards or guidelines, and none have been called to my attention by counsel, that have been fixed by any court that might aid me in arriving at a reasonable fee for services of plaintiff's counsel in the appellate court. I will utilize the criteria set out in *Johnson v. Georgia Highway Express, Inc., supra,* as discussed previously in this memorandum, so far as they are relevant, in arriving at a reasonable fee for the appellate work.

The pattern in the Eighth Circuit seems to be that the appellate court fixes the fee for service on appeal. In *Finney, et al., v. Hutto, et al.,* 548 F.2d 740 (8th Cir. 1977), the Circuit Court affirmed an allowance of $20,000 for attorneys fees in the case at the trial level and it awarded $2,500 for legal services on the appeal. The Court did not articulate its reasons to demonstrate how it reached its conclusion for the $2,500 award. The only reference to that award in the published opinion is:

> The petitioners' court appointed counsel are awarded $2,500 for their services on this appeal.

In *Williams v. Anderson,* 562 F.2d 1081 (8th Cir. 1977), plaintiffs sought individual and class relief based on alleged racial discrimination. The opening sentence of the court's opinion states: "This appeal requires us to decide several complex and difficult questions that arose when the Brinkley School District, which had maintained Black and White Schools, began integrating the school district." The lengthy opinion confirms the complexity of the issues. Without referring to criteria or factors or giving any reason, at page 1102 the court stated simply: "The plaintiff's counsel are awarded $2,500 for their services on this appeal."

*Campbell v. Cauthron,* 623 F.2d 503 (8th Cir. 1980), was a class action dealing with prison conditions. There the court of appeals awarded appellant's attorney $2,000 for services on appeal.

Apparently, the Sixth Circuit Court of Appeals has followed the same practice. In *Weisenberger v. Huecker,* 593 F.2d 49 (6th Cir. 1979), the court of appeals ordered the district court to enter judgment for $5,096 for attorneys fees on appeal stating: "Based upon all of the factors and circumstances which we deem to be relevant, and affidavits of plaintiffs' counsel submitted to *this* court ...." (Emphasis added)

In *Kingsville Independent School District v. Cooper,* 611 F.2d 1109 (5th Cir. 1980), the appellate court remanded the case to the district court to enter a fresh award for attorneys fees that takes into consideration the new judgment entered for back pay and services on the appeal and remand therefrom.

Professor Chase is neither shy nor modest in his request for attorney's fees for services on the appeal; he asks for $100 per hour for 119 hours. I have already found that the total number of hours must be reduced by 29. The evidence is conflicting as to the value of these services—the spread being from $50.00 to $100.00 per hour. In *Wesson v. Johnson, supra,* Chase's affidavit states that a reasonable average hourly rate

**1000**

for his services was $60.00. I find that Chase is entitled to an award of $6,007.50 for his legal services on appeal.

Finally, in addition to the previously enumerated factors, which the appellate court suggested be used, reference is made to the following pronouncement of the court in the closing paragraphs of *Johnson v. Georgia Highway Express, Inc., supra,* at page 720.

> We are mindful of the difficult job of the trial judge in cases of this kind, and in all probability his decision will be totally satisfactory to no one. The cross-appeals taken in this case are witness to the usual view of parties litigant to such an award....
>
> By this discussion we do not attempt to reduce the calculation of a reasonable fee to mathematical precision. Nor do we indicate that we should enter the discretionary area which the law consigns to the trial judge.

Based upon the above and foregoing, I exercise what little discretion is left to a trial judge in determining a reasonable allowance for legal services, and in an effort to purge myself of the stigma of being parsimonious, as well as avoiding the taint of being referred to as prodigal, it is

ORDERED that judgment shall enter against defendant for legal services for plaintiffs' counsel in the following amounts:

Jonathon Chase for services in
the trial court . . . . . . . . . . . . . . . . . $4,800.00
for services in the Tenth Circuit
Court of Appeals . . . . . . . . . . . . . . $6,007.50
Donald H. Beskind for services
in the trial court . . . . . . . . . . . . . . . $1,050.00
Barbara Salomon for services in
the trial court . . . . . . . . . . . . . . . . . $1,650.00

Interest shall accrue on the awards for services in the trial court from the date of the Second Amended Judgment, and on the award for services in the Court of Appeals from the date of the final mandate.