**Bob RAYMON et ux, as Next Friend of Roberta Lin Raymon, Plaintiffs-Appellants,**

**v.**

**ALVORD INDEPENDENT SCHOOL DISTRICT et al., Defendants-Appellees.**

No. 80–1813

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

March 12, 1981.

R. William Wood, M. P. Duncan, III, Denton, Tex., for plaintiffs-appellants.

Albert Levy, Irving, Tex., for defendants-appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

258

ALVIN B. RUBIN, Circuit Judge:

Roberta Raymon, a high school student, was penalized for an unexcused absence from class by the deduction of three points from her six weeks algebra grade. This altered her grade point average an insignificant amount and did not change her class standing, for she remained second in her class. Arguing that the penalty was arbitrarily imposed in violation of the fifth and fourteenth amendments, her parents brought this action for damages and injunctive relief under 42 U.S.C. § 1983. The district court, without deciding the federal constitutional issue, exercised jurisdiction over pendent state law claims and ordered the three points restored to Ms. Raymon's algebra grade. He refused to award attorney's fees and plaintiffs appealed that denial.

■ We do not reach the issue sought to be raised. It is well settled that a federal court has the power to resolve a pendent state issue only if a substantial federal question is also present. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). *See also Florida East Coast Railway v. United States*, 519 F.2d 1184, 1193 (5th Cir. 1979). A complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court. *See, e. g., Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977). *See generally Hagans v. Lavine*, 415 U.S. 528, 538–39, 94 S.Ct. 1372, 1378–80, 39 L.Ed.2d 577 (1974). Ms. Raymon's claim that the insignificant decrease in her overall grade point average, from 95.478 to 95.413, constituted a deprivation of a vested property or liberty interest without due process is patently insubstantial. The stipulation of the parties could not convey jurisdiction, for the jurisdictional restrictions are imposed by the Constitution. However eager the suitors may be to litigate in federal court, they cannot confer jurisdiction by consent. Therefore, in view of the insubstantial federal question presented, the district court abused its discretion by adjudicating the pendent state claim.

Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

Accordingly, we REVERSE the judgment and order the district court to dismiss the complaint for want of subject matter jurisdiction.