Marvinell BROWN, Plaintiff,

v.

HOUSTON INDEPENDENT SCHOOL
DISTRICT, Defendant.

Civ. A. No. H–89–908.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 17, 1991.

Marvinell Brown, pro se.

Jeff Horner of Bracewell & Patterson, Houston, Tex., for defendant Houston Independent School Dist.

## MEMORANDUM AND ORDER

HARMON, District Judge.

Pending before the Court are the motion for leave to file supplemental complaint and to add defendants (# 55) submitted by plaintiff, Marvinell Brown ("Brown"), and the motion for summary judgment (# 56) submitted by defendant, Houston Independent School District ("HISD"). After considering the motions, the responses and the applicable law the Court is of the opinion that the motion for summary judgment and for leave to file a supplemental complaint should be granted and the motion to add defendants should be denied.

## I. BACKGROUND

Plaintiff, Marvinell Brown ("Brown"), has been continuously employed by HISD since August 1984. In January of 1989, she was placed on medical health leave under HISD policy because HISD officials perceived that she suffered from emotional problems which interfered with and jeopardized the successful performance of her classrooms duties. Under the policy, such leave is paid until an employee exhausts all accumulated personal leave. At that point, the leave becomes unpaid. At no time has HISD terminated Brown.

In response Brown filed suit against HISD asserting causes of action for due process violations, racial discrimination, state law breach of contract, and state law tort claims. HISD now moves for summary judgment on all of these causes of action.

## II. MOTIONS TO FILE SUPPLEMENTAL COMPLAINT AND ADD DEFENDANTS

As an initial matter the Court notes that HISD does not oppose the motion to file a supplemental complaint, and, although HISD has not answered the supplemental complaint, it has been filed. For purposes of considering HISD's motion for summary judgment the Court shall look to the allegations contained in the supplemental complaint.

With regard to Brown's motion to add defendants, the Court observes that the time for adding parties stated in the scheduling order has lapsed. Furthermore, Brown offers no explanation for failing to add these parties within the time provided. Consequently, Brown's motion is untimely and should be denied.

## III. THE STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed.R. Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir.1988). The burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact. *See International Ass'n of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir.1987). A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case. *Id.*

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See Celotex*, 106 S.Ct. at 2552–53. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Assertions unsupported by facts are insufficient to oppose a motion for summary judgment. *Williams v. Weber Management Serv.*, 839 F.2d 1039, 1041 (5th Cir.1987). There must be evidence giving rise to reasonable inferences that support the nonmoving party's position. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir.1987). Bare or mere allegations are insufficient. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 79 (5th Cir.1987).

In considering a motion for summary judgment, the district court must view the

evidence through the prism of the substantive evidentiary burden. *Anderson,* 106 S.Ct. at 2513. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* 106 S.Ct. at 2513. The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir.1987).

## IV. DUE PROCESS CLAIMS

■ Brown alleges that she has been deprived of property without the constitutional protection provided by the Due Process Clause. Specifically, she claims that by being placed on unpaid medical health leave by HISD she was deprived of her property interest in continued employment. In addition, Brown claims that the manner in which she was placed on unpaid medical leave violated her due process rights.

HISD acknowledges that Brown, as a tenured teacher, has a property interest in her continued employment by HISD. Therefore, Brown's property right to continued employment is one to which the Due Process Clause applies. *See Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). Having stipulated that a property right existed the issue is what process is due.

As the Supreme Court articulated in *Loudermill* "[a] tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story...." *Id.* 105 S.Ct. at 1495. The undisputed facts establish that Brown received more than the minimum due process required under this standard.

Specifically, Brown was provided with written notice of the proposal to place her on medical leave, an oral explanation of the reasons for this action. Following the notification and explanation Brown was given the opportunity to respond by undergoing a psychiatric examination by Dr. Mattye Glass, a psychiatrist of her choosing. The conclusion of Dr. Glass was that medical health leave was appropriate and Brown should be restricted from the classroom. Accordingly, there being no genuine dispute as to the notice, explanation and opportunity to respond afforded Brown, the Court concludes that Brown received due process consistent with that mandated by *Loudermill* and HISD is entitled to summary judgment on this claim.

## V. RACE DISCRIMINATION CLAIM

Brown also alleges that she was the victim of racial discrimination. She seeks damages under Title VII, section 1981 and section 1983. In pursuit of her Title VII claim Brown filed a claim with the Equal Employment Opportunity Commission ("EEOC") concerning this allegation in January of 1988. In September of 1988, the EEOC found no reasonable cause to believe that Brown had been subject to racial discrimination, and issued a right-to-sue notification letter dated September 6, 1988. Brown did not commence this action until March of 1989.

■ After receipt of a right-to-sue letter, a Title VII litigant must commence her action within ninety (90) days. The Supreme Court has held that compliance with the filing deadlines enunciated under Title VII is a jurisdictional prerequisite, and the failure to comply is ground for dismissal. [cite]. Because Brown has failed to satisfy this jurisdictional prerequisite, HISD is entitled to judgment on this claim as a matter of law.

■ Brown's claims under section 1981 must likewise fail. In *Jett v. Dallas Independent School District,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the Supreme Court held that governmental entities, such as school districts, can no longer be held liable under section 1981. *Id.* 109 S.Ct. at 2722. Instead, section 1983 pro-

vides the exclusive remedy for the rights guaranteed by section 1981 when the claim is pressed against a state actor. *Id.* Therefore, Brown's allegation under section 1981 fails to state a claim upon which relief may be granted and HISD is entitled to summary judgment as a matter of law.

■ An educational institution may not be held liable for constitutionally deficient acts of its employees under the doctrine of respondeat superior. *City of St. Louis v. Praprotnick,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1987). Rather, to state a claim against an educational institution under section 1983 for acts of subordinate employees, a plaintiff must allege that officials acted in accordance with an official government policy or firmly entrenched custom that deprived the plaintiff of constitutional rights. *See Worsham v. City of Pasadena,* 881 F.2d 1336, 1339 (5th Cir. 1989) (citing *Monell v. City of New York Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978) ).

The Fifth Circuit has held that to establish "an official government policy or firmly entrenched custom" a plaintiff must show that the constitutional deprivation was inflicted by:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributed to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.1984). Brown's complaint is devoid of any allegation that the claimed constitutional deprivations were the result of an official government policy or firmly entrenched custom. Consequently, Brown has failed to state a claim under section 1983 upon which relief may be granted.

## VI. STATE LAW TORT CLAIMS

Brown asserts pendent state tort claims alleging intentional infliction of emotional distress, wrongful discharge, tortious interference with business relations and defamation. In response HISD seeks summary judgment under the doctrine of governmental immunity.

■ Under Texas law a school district exercising governmental functions is an agency of the state and is immune from suits predicated on the torts of its employees, except as specifically provided in the Texas Tort Claims Act. *See Hopkins v. Spring Independent School District,* 736 S.W.2d 617 (Tex.1987); *Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978). Because Brown has not brought any of her claims within any of the exceptions articulated in the Texas Tort Claims Act, HISD is entitled to summary judgment on each of Brown's state law tort claims as a matter of law.

## VII. BREACH OF CONTRACT

Finally, Brown asserts a claim for breach of contract, alleging that HISD breached its contract with her by placing her on medical health leave. The undisputed facts establish that Brown was placed on medical health leave consistent with the terms and conditions of her contract. There being no evidence of breach on the part of HISD, it is entitled to judgment as a matter of law.

## ORDER

In accordance with the foregoing, it is

ORDERED that plaintiff's motion to reinstate is hereby GRANTED. It is further

ORDERED that plaintiff's motion for leave to file supplemental complaint is hereby GRANTED. It is further

ORDERED that plaintiff's motion to add defendants is hereby DENIED. It is further

ORDERED that defendant's motion for summary judgment is hereby GRANTED.