**Ronald W. ANDERSON**

v.

**Marcus BLANKENSHIP, et al.**

**No. 1:91–CV–0803.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 17, 1992.

Harrison Vickers, Orange, Tex., for plaintiff.

Tanner Truett Hunt, Jr., Wells Peyton Beard Greenberg Hunt & Crawford, Beaumont, Tex., Jeffrey John Horner, Bracewell & Patterson, Houston, Tex., John G. Bissell, Strong Pipkin Nelson & Bissell, Beaumont, Tex., David G. Klaber, Kirkpatrick & Lockhart, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

### I. BACKGROUND

Ronald Anderson, head baseball coach at West Orange–Stark High School, brought this action against Marcus Blankenship, head baseball coach at Westbrook High School, Beaumont Independent School District (BISD), *The Port Arthur News* and Will Wright, a sports columnist for the newspaper, asserting state tort claims, including defamation, slander, and intentional infliction of emotional distress. Plaintiff also seeks recovery from BISD for civil rights violations under 42 U.S.C. § 1983.

The lawsuit stems from a series of articles published in the *Port Arthur News*, claiming that plaintiff recruited athletes in violation of University Interscholastic League Rules. The newspaper quoted Marcus Blankenship as a source for the article. Plaintiff alleges that defendant, Blankenship, was acting within the course and scope of his duties as a BISD employee when he allegedly defamed the plaintiff. Plaintiff further alleges that BISD is responsible for Blankenship's statements under the *respondeat superior* doctrine.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying the portions of the pleadings, depositions, answers to interrogatories and admissions of fact, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir.1988).

Once this showing is made, the burden is on the opposing party to establish that summary judgment is inapplicable. *See Celotex,* 106 S.Ct. at 2552–53. "The opposing party must answer the moving party's affidavit with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact for trial." *United States v. An Article of Drugs,* 725 F.2d 976, 984–85 (5th Cir.1984). Mere allegations are insufficient. *Id.*

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed, and all justifiable inferences must be viewed in the light most favorable to the nonmovant. *Matsushita Electric Inc. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

### II. 1983 CLAIM AGAINST BISD

■ Anderson alleges that BISD engaged in a systematic and continuous program that denied his civil rights as defined by 42 U.S.C. § 1983. An educational institution, however, may not be held liable for unconstitutional acts of its employees under the doctrine of *respondeat superior. City of St. Louis v. Praprotnick,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). Rather, to state a claim against an educational institution under section 1983 for acts of school district employees, a plaintiff must allege that officials acted in accordance with an official governmental policy or firm custom that deprived the plaintiff of constitutional rights. See *Worsham v. City of Pasadena,* 881 F.2d 1336, 1334 (5th Cir.1989) (citing *Monell v. City of New York Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978).

The Fifth Circuit has defined official policy as:

(1) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers, or by an official to

whom lawmakers have delegated policy-making authority; or, (2) A persistent, wide-spread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributed to the governing body of the municipality or to an official to whom the body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above described.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.1984). Anderson failed to prove his allegations that the unconstitutional acts were the result of an official government policy or firmly entrenched custom. Accordingly, Anderson failed to state a claim under Section 1983 upon which relief can be granted.

### III. STATE LAW TORT CLAIMS AGAINST BISD AND BLANKENSHIP

Anderson asserts state tort claims alleging intentional infliction of emotional distress, defamation and slander. In response, BISD and Blankenship seek summary judgment under the doctrine of governmental immunity.

■ Under Texas law, a school district exercising governmental functions is an agency of the state and is immune from suits predicated on the torts of its employees, except as specifically provided in the Texas Tort Claims Act. *See Hopkins v. Spring Independent School District,* 736 S.W.2d 617 (Tex.1987); *Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978). Since Anderson has not brought his claims within the articulated exceptions of the Texas Tort Claims Act, BISD is entitled to summary judgment as to each of the state tort claims. *See Brown v. Houston Independent School District,* 763 F.Supp. 905 (S.D.Tex.1991).

■ Likewise defendant Blankenship is entitled to judgment as a matter of law under Tex.Educ.Code Ann. § 21.912(b), which provides:

No professional employee of any school district within this state shall be personally liable for any act, incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students, or negligence resulting in bodily injury to students.

Because the tortious conduct alleged in the plaintiff's complaint is not among the exceptions in § 21.912(b), Blankenship is immune from plaintiff's state law claims.

### CONCLUSION

For the reasons stated above, it is ORDERED that the summary judgment motions filed by Blankenship and BISD are hereby GRANTED. The remaining state claims against *The Port Arthur News* and Will Wright are REMANDED to state court.