**Paul OBERSTELLER and Susan D. Obersteller, as next friends for Kurt Obersteller**

v.

**FLOUR BLUFF INDEPENDENT SCHOOL DISTRICT and Ronnie Newman.**

Civ. A. No. C–93–406.

United States District Court, S.D. Texas, Corpus Christi Division.

Sept. 30, 1994.

C.L. Wright, III, Corpus Christi, TX, for plaintiff.

Jeffrey J. Horner (Bracewell & Patterson), Houston, TX, for defendant.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON § 1983 CLAIMS AND REMANDING STATE LAW CLAIMS TO STATE DISTRICT COURT**

HEAD, District Judge.

Defendants move for summary judgment on plaintiff's § 1983 claims on the grounds that plaintiff has failed to allege violations of a constitutional right. For the reasons stated herein, the Court finds summary judgment should be granted in favor of defendants on plaintiff's § 1983 claims, and that plaintiff's state law claims should be remanded to state district court.

*Facts*

Plaintiff, Kurt Obersteller, is a former student of defendant Flour Bluff Independent School District ("FBISD"). Plaintiff, by and through his parents as next friends, claims that during the spring semester of the 1993 school year, defendant Ronnie Newman, a football coach and athletic director at Flour Bluff High School, took unwarranted disciplinary actions against plaintiff and encouraged other members of the athletic staff to harass and intimidate plaintiff. Plaintiff claims that the school district was aware of Newman's actions and did nothing to protect plaintiff. Plaintiff further alleges that, after he was removed from FBISD's athletic program and placed in an alternative study program, defendants arbitrarily assigned plaintiff a grade of 70 for his athletic class. Finally, plaintiff claims that, when he attempted to challenge the arbitrary grade assignment, defendants violated his due process rights in denying him an administrative appeal.

*Civil Rights Claims*

In his amended complaint, plaintiff claims that, when he attempted to use the grievance process, his right to procedural due process was violated. Plaintiff argues that the school did not provide sufficient process before depriving him of his rights to objective grading, to be free from harassment and intimidation, and to be free from discipline based upon malice and ill will. Further, plaintiff argues that the process afforded him was defective because he was denied the opportunity to call and cross-examine a witness and denied an impartial hearing officer. Plaintiff asserts § 1983 claims based on those due process violations. Plaintiff also asserts a § 1983 claim based on defendants' failure to protect his right to privacy in his school records.

*Discussion*

■ Plaintiff argues that a grade dispute implicates a liberty interest such that due process requirements are triggered, relying on *Board of Curators of University of Missouri v. Horowitz*, 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978). In *Horowitz*, the plaintiff was "dropped" from medical school due to her unsatisfactory performance. She sued under § 1983, claiming defendants had not afforded her procedural due process before dismissing her. The Court declined to

decide whether the school's dismissal deprived plaintiff of a liberty interest in pursuing a medical career; rather, assuming she had either a liberty or property interest, the Court held she was provided as much due process as the Fourteenth Amendment requires. As such, the holding in *Horowitz* does not support plaintiff's argument that a grade dispute involves a liberty or property interest so as to trigger due process requirements.

Defendants argue a grade dispute does not trigger due process protections. *See, e.g., Raymon v. Alvord Independent School District,* 639 F.2d 257 (5th Cir. Unit A, Mar. 1981). In *Raymon,* the Fifth Circuit held that a reduction in a grade due to an unexcused absence which lowered the student's grade point average by an insignificant amount, and which did not change her class standing, did not trigger due process protections because the claim was too frivolous and insubstantial to support federal question jurisdiction that would allow the district court to address the pendent state law claims. *See also, New Braunfels Independent School District v. Armke,* 658 S.W.2d 330 (Tex.Civ. App.—Waco 1983, writ ref. n.r.e.).

In this case, the record shows that, although plaintiff received a six weeks grade of 70, his final grade remained an "A." The Court concludes that plaintiff's claim of deprivation of a liberty interest in these circumstances is at least as frivolous as the plaintiff's in *Raymon* and does not trigger the Fourteenth Amendment's due process clause.

Plaintiff further argues that his liberty interests were implicated by the intimidation and harassment he suffered in school. Plaintiff implies that the harassment interfered with his right to a free public education. Plaintiff relies on *Doe v. Taylor Independent School District,* 975 F.2d 137 (5th Cir.1992), *cert. denied,* ── U.S. ──, 113 S.Ct. 1066, 122 L.Ed.2d 371 (1993), *reh. en banc, granted,* 987 F.2d 231 (5th Cir.1993), to support his argument that he has a liberty right to be free from harassment.

In *Doe,* the Fifth Circuit recognized a student's right to bodily integrity and to be free from sexual molestation by a state employed school teacher. In this case, there is no physical molestation. *Doe* does not stand for the proposition that a student has a liberty interest in remaining free from harassment. *See also, Santiago–de–Castro v. Morales–Medina,* 737 F.Supp. 729 (D. Puerto Rico 1990) (harassment alone raises no constitutional violation under § 1983).

■ Assuming the Court were to find that a student has a liberty interest to be free from harassment, plaintiff has failed to offer any evidence to support his general accusations of harassment and intimidation. Plaintiff's affidavit merely states that he "perceived a concerted action by both the athletic staff and the students ... to harass and intimidate me." Plaintiff does not offer specific facts, detailed in affidavits, of names, dates, incidents and supporting testimony to verify his perceptions. *See, Anderson v. Blankenship,* 790 F.Supp. 695 (E.D.Tex. 1992); *Lipsett v. University of Puerto Rico,* 864 F.2d 881 (1st Cir.1988).

Plaintiff argues he has a right to be free from discipline inflicted with malice and ill will. In his affidavit, plaintiff states that he was berated and disciplined differently than other students by members of the athletic department. Again, the Court finds these statements to be conclusory and fail to create a fact issue. Further, plaintiff offers no authority to support his contention that a constitutional right is implicated in the first instance.

■ Plaintiff claims he was denied due process in challenging the arbitrary grade assignment because he was unable to call Ronnie Rowell as a witness, and that Mr. Rowell was not an impartial or fair hearing officer. The Court has previously found that, within the facts of this case, plaintiff does not have a liberty or property interest in the disputed grade because his alleged injury is *de minimis,* and as such, due process requirements are not implicated. However, even if the Court were to assume that plaintiff had a liberty or property interest in a disputed grade, the summary judgment evidence reveals that plaintiff was given an opportunity to challenge the grade and an opportunity to be heard. Plaintiff requested a hearing to challenge his grade, and was

granted a hearing. Further, plaintiff was given the opportunity to appeal the September 14, 1993, decision to the FBISD School Board. The Court finds that plaintiff received due process in challenging the disputed grade. *See Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975.)

 Plaintiff argues that defendants violated his federally protected right to privacy in his educational records. Plaintiff cites the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232, *et seq.,* as the source of that right. Section 1232g(b) provides that funds will not be made available to an educational institution that has a policy of permitting the release of students' educational records (or personally identifiable information contained therein) without the written consent of the parents. Though no private right of action exists under FERPA, an action under § 1983 may be premised on a violation of FERPA rights. *Tarka v. Cunningham,* 917 F.2d 890, 891 (5th Cir.1990) (citing *Tarka v. Franklin,* 891 F.2d 102, 104–05 (5th Cir.1989), *cert. denied,* 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 940 (1990)).

 To support his allegations, plaintiff states in his summary judgment response that Andie Blades, a secretary with the school's athletic department, wrote both an anonymous note and published a letter in the *Flour Bluff Sun* newspaper referencing plaintiff. Neither the note nor the letter mentions plaintiff by name or contains other personally identifying information. The Court concludes that, based on plaintiff's own evidence, plaintiff cannot show a violation of FERPA based on Andie Blades' communications. Further, even if the Andie Blades' communications violated FERPA, plaintiff does not allege that either of the defendants in this suit committed the violation or caused the alleged violation to be committed. Plaintiff does not make more than a conclusory statement in his summary judgment response that both the district and Newman should be held responsible for Andie Blades' actions. The doctrine of respondeat superior does not apply in § 1983 claims. Further, plaintiff does not demonstrate the existence of a material fact based on that conclusory statement.

*Conclusion*

The Court concludes that plaintiff has failed to state a violation of a constitutional or statutory right and, as such, cannot maintain his claims under 42 U.S.C. § 1983. Defendants' motion for summary judgment on plaintiff's § 1983 claims is GRANTED. All relief not specifically granted herein is DENIED. Having disposed of plaintiff's federal question claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state law causes of action. 28 U.S.C. § 1367(c). Plaintiff's state law claims are hereby remanded to the 94th Judicial District Court, Nueces County, Texas. 28 U.S.C. § 1447(c).

### *FINAL JUDGMENT*

Judgment is hereby entered that plaintiff take nothing on his § 1983 claims against defendants, and plaintiff's state law causes of action are remanded to the state state district court. The parties shall each bear their own costs.