**Deloris EDWARDS, Plaintiff,**

v.

**NEDERLAND INDEPENDENT SCHOOL DISTRICT, Defendant.**

**No. 1:95–CV–0355.**

United States District Court,
E.D. Texas,
Beaumont Division.

May 20, 1996.

Gerald Wayne Eddins, Gerald Eddins & Associates, Port Arthur, TX, Lou Ann Cloy, Beaumont, TX, for plaintiff.

Tanner Truett Hunt, Jr., Wells Peyton Beard Greenberg Hunt & Crawford, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The Plaintiff, Deloris Edwards filed suit against Nederland Independent School District (NISD) alleging sexual harassment and racial discrimination in violation of 42 U.S.C. § 2000e *et. seq.* (Title VII). Additionally, the

Plaintiff included claims for intentional infliction of emotional distress, negligence, and gross negligence. Edwards seeks damages for lost past and future wages, past and future mental anguish, punitive and/or exemplary damages, and attorney's fees. The Court now considers the Defendant's Motion for Summary Judgment.

## FACTS

Deloris Edwards has been employed by NISD as a custodian since 1978. In 1984, NISD hired Donald Pujol as lead custodian at the Nederland High School campus. Pujol was the Plaintiff's supervisor. During the 1991–92 school year, Edwards began to file grievances with the campus administration regarding Pujol. Prior to March of 1993 Edwards had not made any complaint of sexual harassment or racial discrimination. Each complaint or grievance filed by Edwards was responded to in writing.

On or about March 17, 1993, Edwards informed Ronnie Trahan, an employee of NISD and Edwards' acting supervisor, that on March 17, 1993, Pujol had made a sexual comment to her in the presence of Darrell Broussard, another NISD employee. NISD officials questioned Pujol and Broussard about the incident and concluded there was no evidence to substantiate the Plaintiff's allegations.

. For the past few years, Edwards has maintained a second job. On or about May 12, 1995, NISD reassigned the Plaintiff from the main high school building to the vocational building and changed her hours. The hour switch made it impossible for her to continue in her second job. On June 2, 1995, the Plaintiff met with Steve Fleming, the NISD official responsible for scheduling, to complain about the change in hours. On August 7, 1995, Mr. Fleming informed the Plaintiff that she could return to her previous hours but that she would remain in the vocational building.

On July 22, 1994, the Plaintiff filed a charge with the EEOC. The record before the Court is devoid of any specific allegations of racial harassment. The only incident of sexual harassment before the Court is the March 1993 comment. The EEOC issued the Plaintiff a right-to-sue letter on March 22, 1995 which was received by the Plaintiff on March 28, 1995. This suit was timely filed on June 27, 1995.

## ANALYSIS

### Summary Judgment Standards

■ Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ To oppose a properly supported motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials [in its] pleadings, but the [nonmoving] party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In determining the existence of a genuine issue for trial, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■ However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249, 106 S.Ct. at 2511. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### Timely Exhaustion of Administrative Remedies

■ The Defendant school district avers this Court has no jurisdiction over the Plaintiff's sexual harassment and racial discrimination claims as the Plaintiff failed to make a timely filing of her complaints with the proper state enforcement agency or with the EEOC. Under the scheme established by Congress in Title VII, a complainant must initially file a charge of discrimination with the appropriate state agency. 42 U.S.C. § 2000e–5(c–f). After 60 days, the complainant may file a charge with the EEOC. *Id.* The complainant may request a right-to-sue letter from the EEOC 180 days after the charge was filed. *Id.* The complainant then has 90 days in which to file suit in federal court. *Id.* Texas statutory law requires a complainant to file a charge with the Texas Commission on Human Rights (TCHR) within 180 days after the alleged discriminatory act occurred. Texas Commission on Human Rights Act, Tex.Rev.Civ.Stat.Ann. art 5221k, § 6.01, *et. seq.* (Vernon's 1987). For such states as Texas which have a state equal employment opportunity enforcement agency, Title VII allows 300 days for a complainant to file a charge with the EEOC. 42 U.S.C. § 2000e–5(e).[1]

NISD properly states the Plaintiff's complaint was not timely filed with either the TCHR or the EEOC. In the record before the Court, there is absolutely no evidence presented from which it can be inferred that a hostile work environment existed within the 300 days prior to the filing of the charge with the EEOC. The only mention of any discrimination, racial or sexual, was the March 1993 incident. The Plaintiff did not file a charge until July 1994, well over a year after the incident. As there is no further

evidence before this Court, the charge was untimely filed and jurisdiction before this Court is improper.

■ The Plaintiff asserts "the alleged discrimination occurred beginning on January 1, 1989, and continued through the date of filing a complaint." (Plaintiff's Opposition to Motion for Summary Judgment, p. 4–5). An equitable exception to the 300 day rule exists where the unlawful employment practice is a continuing violation.[2] *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 532 (5th Cir.1986). To sustain a claim under this exception, the Plaintiff must show at least one incident of harassment occurred within the relevant statutory period. *Id.* at 533. While the Fifth Circuit Court of Appeals has enunciated a number of factors to be considered in determining whether a continuing violation claim may be maintained[3], it is unnecessary for this Court to examine those factors. The Plaintiff has provided nothing in the way of permissible summary judgment evidence which shows that an incident occurred within the 300 days prior to the EEOC filing. Based on the current record, this Court finds that no continuing violation exists and the Plaintiff's claims for racial and sexual harassment are dismissed as time-barred.

### Retaliation Under Title VII

■ Since its inception in 1964, Title VII has provided protection for those filing claims against employers. Section 704(a) of Title VII provides in pertinent part that "it shall be an unlawful employment practice for an employer to discriminate against any of its employees . . . because [the employee] has opposed any practice made unlawful under this subchapter, or because [the employee] has made a charge . . ." 42 U.S.C. 2000e–3(a). To prove a claim of retaliation, the Plaintiff must show: (1) she was engaged in a statuto-

1. There is nothing in the record which demonstrates the Plaintiff filed any charge with the relevant state agency or otherwise followed the required procedures. As the Plaintiff's claims fail for other reasons, this Court will infer from the EEOC's issuance of a right-to-sue letter that the proper predicate procedures were followed.

2. The Plaintiff's original complaint does not allege a violation of state equal employment opportunity laws. Whether the continuing violation exception to the statutory limits exists under Texas law is not before this Court.

3. *See Waltman v. International Paper Co.*, 875 F.2d 468, 478 (5th Cir.1989).

rily protected activity, (2) she was the object of an adverse employment action, and (3) there is a causal nexus between the adverse action and the activity. *De Anda v. St. Joseph Hosp.*, 671 F.2d 850, 856 (5th Cir.1982). Moreover, this court maintains jurisdiction over a retaliation claim included the complaint filed with this court, but not filed with the EEOC. Because Edward's initial Title VII action was properly before the court, jurisdiction over her Title VII retaliation claim is properly before this court. *See Gottlieb v. Tulane University*, 809 F.2d 278, 284 (5th Cir.1987).

■ In the present case, Edwards was moved to another building and her hours were changed on May 12, 1995. She had filed a charge with the EEOC on July 22, 1994 and was issued a right-to-sue letter on March 22, 1995. There is no question the Plaintiff was engaged in a protected activity when she filed the charge with the EEOC and the TCHR. A reasonable juror could conclude that the Plaintiff's forced relocation and change of hours, resulting in her loss of a supplemental income, constitutes an adverse employment action. Finally, a causal connection between the activity and the adverse action can be inferred where the protected activity was followed closely by the discriminatory act. *See Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42–44 (5th Cir.1992).

The Court finds issues of material fact remain on the question of unlawful retaliation. Accordingly, this claim remains to be litigated.

### State Law Tort Claims

■ Edwards claims of intentional infliction of emotional distress, negligence, and gross negligence are improper against NISD. An independent school district is an agency of the state and, while exercising governmental functions, is not answerable in a suit sounding in tort, except as specifically provided in the Texas Tort Claims Act. *See Hopkins v. Spring Independent School District*, 736 S.W.2d 617 (Tex.1987); *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978). Since Edward has not brought her claims under any exception articulated in the Texas Tort Claims Act, NISD is entitled to a summary judgment as to each state tort law claim.

*See Anderson v. Blankenship*, 790 F.Supp. 695 (E.D.Tex.1992)

### CONCLUSION

The only issue remaining for trial is the issue of retaliation in violation of Title VII. The Plaintiff's claims of sexual harassment and racial discrimination are time-barred as there is no evidence before the Court of unlawful behavior, on either issue, within the statutorily proscribed period. Finally, the Plaintiff's state law tort claims are barred by the doctrine of sovereign immunity.