Ana Julia **VILLEGAS**, Petitioner,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

**No. 84–4183**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1984.

Michael Jacobsen, Houston, Tex., for petitioner.

Robert L. Bombough, Director, Charles E. Hamilton, III, Michael P. Lindemann, Civ. Div., Washington, D.C., for respondent.

David H. Lambert, Dist. Dir., I.N.S., New Orleans, La., Gary L. Goldman, Chief Legal Officer, I.N.S., Houston, Tex., for other interested parties.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Ana Julia Villegas petitions for review of an order of the Board of Immigration Appeals which affirmed the immigration judge's refusal to reopen deportation proceedings to allow her an opportunity to petition for asylum. We have today otherwise concluded that there is neither a statutory nor constitutional requirement to inform persons subject to deportation proceedings of their "right to petition for political asylum". *Jose Irene Ramirez-Osorio v. Immigration and Naturalization Service,* 745 F.2d 937 at 938 (5th Cir.1984). We do not have an adequate record before us in this case to determine whether Ana Villegas received the rights assured her under current INS procedures. She denies having been told of her right to counsel and swears that she told a hearing officer of the INS, immediately before her appearance before the immigration judge, of her fear of being returned to El Salvador. Yet, those proceedings were not transcribed, petitioner having failed to appeal directly from the findings of the immigration judge. These asserted procedural deficiencies are critical to the question of whether her petition to reopen ought to have been granted. Accordingly, in the interest of justice, we remand this case to the immigration judge with instructions to conduct a hearing into assertions that:

1. petitioner was not informed of her right to counsel by the immigration judge; and

2. petitioner informed the prehearing officer or other representative of INS or administrative judge of her fear of being returned to El Salvador.

If after hearing it is determined that the INS did not follow its own procedures requiring advice as to the right of counsel or that petitioner did express her fear of being deported to El Salvador and was not then told of the right to petition for political asylum, the petition to reopen must be granted and petitioner Villegas allowed to present afresh, her petition for political asylum with full benefit of the automatic stay provisions allowed by law.

In *Jose Irene Ramirez-Osorio, supra,* we held that the INS was not required to give blanket notice of the right to petition for political asylum. We did so against a background of stated INS procedures. Here, we make plain that those procedures must be abided. We do not now decide whether the INS has complied fully with its own regulations, rather we decide that it must in the first instance address petitioner's specific factual claims that it failed to do so.[1] This case is therefore remanded to the Board of Immigration Appeals with instructions that it be remanded in turn to the immigration judge to conduct the hearings here provided for and to thereafter accord the relief due her.

REMANDED with instructions.

---

1. We cannot determine whether petitioner's affidavit wherein she swears that she expressed her fear to the prehearing officer was presented to the INS. Ordinarily, we would not consider such an assertion made for the first time on appeal. But with our recent clarification of the law in *Ramirez-Osorio,* we believe it fair both to petitioner and the INS that her assertions be aired.