**Stewart L. JONES, Plaintiff,**

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, et al., Defendants.**

Civ. A. No. H–90–3603.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 30, 1991.

Affirmed — F.2d ——.

## ORDER

NORMAN W. BLACK, Chief Judge.

Pending before the Court is Defendants' motion for summary judgment. Plaintiff has filed a response. For the reasons discussed below, it is the opinion of this Court that Defendants' motion should be granted.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

This is a wrongful discharge case. Plaintiff worked as a substitute teacher for the Houston Independent School District ("HISD") from January 1989 through September 1990. He signed a substitute teaching form, not a standard teaching contract. The form stated that there might not be assignments available each day. Signees agreed to study the Substitute Teacher Guidelines and refrain from administering corporal punishment, touching students, or using inappropriate language.

In the spring of 1989 Plaintiff was assigned to Jackson Middle School for approximately 10 weeks as a substitute for a sixth grade science teacher. The former principal of Jackson Middle School, Defen-

dant Sonia Saenz, requested that Plaintiff no longer be sent to her school because parents and students complained that Plaintiff yelled at students, often using profanity, and that he pinched students. The principal of Sharpstown Sr. High School and Defendant Ada Cooper, principal of Madison High School made similar requests of the Substitute Teacher Department of HISD. As a result Plaintiff's name was removed from the District's substitute teacher list. Plaintiff later applied for a job with the Houston Police Department. Upon request HISD released information concerning Plaintiff's employment with HISD. The primary issue in this case is whether a substitute teacher has an expectation of continued employment.

Three basic claims are made in Plaintiff's complaint: 1) his right to due process under the Texas Constitution was violated as a result of his removal from the substitute teacher list; 2) he was denied equal protection under the Texas Constitution; and 3) he is entitled to damages pursuant to 42 U.S.C. § 1983. Numerous state common law claims have also been alleged.

■■■ Plaintiff contends he had a protected property interest in continued employment with HISD. However, to have a property interest in a benefit an individual must show he is entitled to the benefit. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). It is the law in Texas "that employment for an indefinite term may be terminated at will and without cause." *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 734 (Tex.1985). There is a narrow exception to this rule when an employee contends he was discharged for refusing to perform an illegal act. *Id.* There are also legislative exceptions that apply when termination was allegedly the result of union membership, race, the filing of a workers compensation claim, etc. Plaintiff has not alleged that any of the above exceptions to the employment at will doctrine apply in this case nor has he presented any facts showing he is entitled to relief on the due process claim.

■■■ Substitute teachers are not under either a continuing or probationary contract. As noncontract employees they are not entitled to a hearing prior to being discharged. *See* Tex.Educ.Code Ann. §§ 13.104, 13.112. Plaintiff was not entitled to continued employment since he lacked tenure or statutory protection. *See Roth,* 408 U.S. at 578, 92 S.Ct. at 2709; *Montgomery v. Trinity Independent School District,* 809 F.2d 1058 (5th Cir. 1987). In addition Texas does not recognized implied teaching contracts. *Burris v. Willis Independent School District, Inc.,* 713 F.2d 1087, 1090–91 (5th Cir.1983). Whether a property interest exists is determined by state law. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). Applying Texas law, it is clear that Plaintiff had no property interest in his position a substitute teacher.

■■■ Plaintiff also contends the removal of his name from the substitute teacher list deprived him of a protected liberty interest. An individual's liberty interest is violated if he is discharged in a way that forecloses him from accepting other employment or damages his standing in the community. *Roth,* 408 U.S. at 573, 92 S.Ct. at 27. An unsatisfactory performance rating or a blight to ones reputation is insufficient. *Burris,* 713 F.2d at 1091–92. If the reasons for Plaintiff's discharge were not made public and he can still seek employment elsewhere, his liberty interest has not been violated. *Cogdill v. Comal Independent School District,* 630 F.Supp. 47, 49 (W.D.Tex.1985); *Roth,* 408 U.S. at 575, 92 S.Ct. at 2708.

The evidence shows Plaintiff was terminated due to the numerous complaints brought against him and because Defendants found him to be ineffective. Therefore, Court finds that Plaintiff's property and liberty interests were not harmed and Defendants' motion for summary judgment on Plaintiff's due process claim should be granted.

■■■ Plaintiff asserts an equal protection claim but does not contend that the alleged disparate treatment was due to

race or membership in a protected class. Plaintiff may be alleging that substitute teachers are a protected class but there is no support for such a theory. It is not unconstitutional to treat continuing contract, term contract and substitute teachers differently. *Carl v. South San Antonio Independent School District,* 561 S.W.2d 560, 563 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). Since Plaintiff is not a member of a protected class his claim is not subject to strict scrutiny and Defendants need only present a rational basis for treating Plaintiff different from other similarly situated employees. *See Weber v. City of Sachse,* 591 S.W.2d 563, 567 (Tex.Civ. App.—Dallas 1979). HISD must have the authority to remove incompetent or ineffective teachers from the classroom as quickly as possible. In addition, the district uses contract status as a reward which is given to individuals who demonstrate good teaching skills. A fundamental right to teach does not exist. *State v. Project Principle, Inc.,* 724 S.W.2d 387, 391 (Tex.1987). As a result, Defendants are not required to provide compelling reasons for Plaintiff's termination. *See Austin v. Michigan Chamber of Commerce,* 494 U.S. 652, 110 S.Ct. 1391, 108 L.Ed.2d 652 (1990). Based on the above, the Court finds Plaintiffs equal protection claim lacks merit as a matter of law.

■ In order to bring a claim pursuant to 42 U.S.C. § 1983 a Plaintiff must allege a violation of a federal constitutional right. The statute does not provide a litigant with a substantive right but is a remedial vehicle for constitutional violations. *San Jacinto Savings & Loan v. Kacal,* 928 F.2d 697, 700 (5th Cir.1991). Since Plaintiff has failed to allege a constitutional violation, this claim is void.

■ Finally, Plaintiff's state law claims must fail as well. First, Defendants are immune from liability pursuant to Tex.Civ. Prac. & Rem.Code Ann. § 101.051 (Vernon 1986) as well as Texas common law. This is because HISD is a political subdivision of the State. The only exception to this doctrine of immunity is when the claim arises out of the negligent use, operation, or maintenance of a motor vehicle. *Id.* The exception does not apply in this litigation.

■ Second, the individual Defendants cannot be sued in their individual capacities due to the doctrine of qualified official immunity. *See* Tex.Educ.Code § 21.912(b) (Vernon 1987). This is because employment decisions are within Defendants' scope of employment and employees are immune from liability if their actions involve either judgment or discretion. *Barr v. Bernhard,* 562 S.W.2d 844, 848 (Tex. 1978).

■ Third, the defamation claim is barred not only by the doctrine of immunity but also because in Texas employment references are entitled to qualified privilege. Furthermore, Plaintiff signed the Houston Police Department's release form authorizing a review of all of his records. The form also contained a release from liability for anyone providing this information. Therefore, Plaintiff waived any privacy right that may have existed. As a result, all of Plaintiff's pendent state claims which include defamation, wrongful discharge and intentional infliction of emotional distress fail as Defendants are protected by immunity on these allegations. Based on the above, it is

ORDERED, that Defendants' motion for summary judgment (entry # 14) is GRANTED.