**Stewart L. JONES, Plaintiff–Appellant,**

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, et al., Defendants–Appellees.**

**No. 91–6144**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1992.

---

Before GARWOOD, JONES and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Jones was a substitute teacher for the Houston Independent School District (HISD) in 1989 and 1990. After he was terminated, he filed suit against HISD and various HISD officials for federal and state claims. The state court case was removed to federal court, Jones's motion to remand was denied, and summary judgment was granted against him. 805 F.Supp. 476. On appeal, we find no error and affirm.

Jones was assigned to Jackson Middle School (Jackson) in Spring Semester 1989. Jones alleges that he had disciplinary problems with students at Jackson. Jackson principal Sonia Saenz (Saenz), in May 1989, sent a memorandum to Walter Forster (Forster), then-director of HISD's substitute bureau, complaining about Jones's behavior. Saenz wrote that "there were several complaints from parents and students about Mr. Jones cursing, pinching, and yelling at students." Saenz added that school administrators had attempted to correct Jones, to no avail. Forster, in October 1989, asked Jones about Saenz's memorandum. Jones denied any misconduct.

Jones applied for a position with the Houston Police Department (HPD) in Fall 1989. He signed a form that authorized HPD to obtain, inter alia, his employment record and freed from liability anybody who provided information to HPD. HPD obtained Saenz's memorandum. According to Jones, Forster denied having sent the memorandum to HPD.

Jones alleges that, during Summer 1990, he caught a student cheating on an examination at Lamar High School (Lamar). The student's mother asked Lamar's principal, in Jones's presence, whether the principal had heard that Jackson had experienced problems with Jones. Jones alleged he learned during that meeting that the student's mother knew about Saenz's memorandum to Forster.

Stewart L. Jones, pro se.

Jeffrey J. Horner, J. Timothy Brightman, Bracewell & Patterson, Houston, Tex., for Houston Independent School Dist., et al.

In September 1990, Jones was assigned to Madison High School (Madison). Jones alleges that, on September 27, 1990, Dean David Alexander called him aside and told him that some female students had accused Jones of making statements of a sexual nature. Jones asked Alexander if he was sure he had the right person. Alexander asked Jones to leave Madison. Alexander then wrote a memorandum to Bonnie Collins (Collins), who had replaced Forster. Alexander told Collins that he possessed

> two letters from students that cast serious doubts on whether Mr. Stewart Jones ... should continue to be employed as an HISD substitute teacher. We are certain that he is no longer welcome at Madison High School.

> We view the alleged comments of Mr. Jones as being totally unprofessional, and dehumanizing to our female students.

Madison Principal Ada T. Cooper (Cooper) approved the memorandum. According to Jones, Collins fired Jones shortly thereafter. Collins told Jones that Jackson, Madison, and Sharpstown High School (Sharpstown) had all complained about Jones and had indicated that he was no longer welcome at any of those schools. Jones told Collins that he was unaware that Sharpstown had complained about him. He protested that his firing on unsubstantiated information was unfair. Collins refused to write a letter stating her reasons for firing Jones.

Jones filed a complaint in state court. He alleged that Saenz and Forster violated his right to substantive due process and the Texas libel statute, Tex.Civ.Prac. & Rem. Code Ann. § 73.001 (West 1986). He alleged that Alexander, Cooper, and Collins violated his right to procedural due process, the Texas libel statute, and his rights under the Texas Constitution. He also named HISD as a defendant. He sought compensatory damages, punitive damages, and injunctive relief.

HISD, Alexander, Cooper, Collins, and Saenz removed Jones's suit to the federal district court. Because he initially misspelled Forster's name, Jones served Forster after removal. Forster filed his answer in the district court.

Jones moved to remand his case to state court. He contended that his claim under 42 U.S.C. § 1983 was meritless and that his case must be remanded because his only remaining claims were based on the Texas libel statute. He also moved for leave to file an amended complaint. The district court granted Jones leave to amend his complaint. Jones later moved for an extension of time in which to amend his complaint because he believed further amendment would be necessary regardless of the district court's disposition of his motion to remand. Jones later filed an amended complaint, in which he deleted his federal-law contentions. The district court denied Jones's motion to remand and denied as moot his motion for extension of time in which to amend his complaint.

The defendants moved for summary judgment against Jones. They filed copies of the memoranda in question, letters from Jones to Forster, the HPD waiver form, and affidavits of the individual defendants with their motions. Jones opposed the motion and filed his own affidavit.

The district court granted the defendants' motion for summary judgment. That court found meritless Jones's federal-law claims. It further found that the defendants are immune from liability for any state-law violations. Finally, the district court found that Jones waived any claim based on disclosure of Saenz's memorandum to HPD because he signed a release from liability. The district court granted Jones leave to proceed in forma pauperis on appeal.

## DISCUSSION

██ A district court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *GATX Aircraft Corp. v. M/V COURTNEY LEIGH*, 768 F.2d 711, 714 (5th Cir.1985). The standard of appellate

review is the same as the standard in the district court. *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir.1989).

Jones first contends that the district court erred by failing to remand his case to state court when Jones conceded that his federal claims are meritless and that Forster's failure to join in the removal petition nullified the removal. Jones is incorrect. "[A] district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based." *In re Wilson Industries, Inc.*, 886 F.2d 93, 95 (5th Cir.1989). Even if Jones amended his complaint in timely fashion to drop the federal claims, the district court could and did exercise its discretion and denied Jones's motion to remand. Such a denial was not an abuse of discretion because Jones's sole apparent reason for seeking remand was to destroy removal jurisdiction.

Further, Forster's failure to join in the removal petition is not a bar to the federal court's jurisdiction. Forster could not have joined in it because, as Jones acknowledges, Forster was not even served until after the case had been removed.

Jones next contends that HISD is not immune from his libel action. Under the Texas Tort Claims Act, a municipality is not liable for intentional torts. *Video Int'l Prod., Inc. v. Warner–Amex Cable Communications, Inc.*, 858 F.2d 1075, 1085 (5th Cir.1988), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989). With the exception of torts involving motor vehicles, sovereign immunity extends to school districts. *Brown v. Houston Indep. Sch. Dist.*, 763 F.Supp. 905, 908 (S.D.Tex. 1991), *aff'd*, 957 F.2d 866 (5th Cir.1992), *petition for cert. filed* (June 29, 1992); Tex.Civ.Prac. & Rem.Code Ann. §§ 101.-051, 101.057 (West 1986). HISD thus is immune from liability.

Jones contends that he did not waive his state-law libel claim based on publication of Saenz's memorandum to HPD. Jones released the defendants from liability for the information they provided HPD. He thus may not recover damages for libel based on publication of Saenz's memorandum to HPD. *Ryder Truck Rentals, Inc. v. Latham*, 593 S.W.2d 334, 337 (Tex.Civ.App.1979).

Jones asserts that the individual defendants cannot claim state-law immunity from liability. "[A] professional school employee is not personally liable for acts done within the scope of employment, and which involve the exercise of judgment or discretion, except in circumstances where disciplining a student, the employee uses excessive force or his negligence results in bodily injury to the student." *Barr v. Bernard*, 562 S.W.2d 844, 848 (Tex.1978); Tex. Educ.Code Ann. § 21.912(b) (West 1987). All of the individual defendants were professional employees of HISD during the relevant periods. The circulation of memoranda within HISD regarding Jones's fitness for employment was within the scope of the defendants' employment and involved the exercise of judgment and discretion. The individual defendants therefore are immune from liability for circulation of the memoranda within HISD.

Jones also alleged, however, that Saenz and Forster published Saenz's memorandum to individuals outside HISD and HPD, and specifically, that the parents of the Lamar student knew about Saenz's memorandum. A Texas school official loses his immunity when "the official abandons his official duties and becomes a mere intermeddler" acting outside the scope of his employment. *Stimpson v. Plano Indep. Sch. Dist.*, 743 S.W.2d 944, 947 (Tex. Civ.App.1987). Jones's claims on this score must fail, however, because nowhere in the district court record is there evidence, in the form of summary judgment proof, to substantiate Jones's allegation. He had the burden, in response to Saenz's and Forster's motion and affidavits supporting summary judgment to come forward with such evidence. Fed.R.Civ.P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Neither of Jones's petitions is verified, and his affidavit filed in response to the summary judgment motion simply does not

mention alleged defamation by publication to non-HISD sources other than HPD. Saenz and Forster, however, swore in their affidavits that all their communications about Jones were conducted within the scope of their employment. Jones failed to create a material fact issue on libel or defamation conducted outside the scope of these officials' employment duties.

For these reasons, the district court's grant of summary judgment is AFFIRMED.