Darrell J. GUILLOT

v.

BELLSOUTH TELECOMMUNICA-TIONS, INC., Karen Deville and Rosemary Delrie.

Civil Action No. 94-2370.

United States District Court, W.D. Louisiana, Alexandria Division.

March 20, 1996.

---

LITTLE, District Judge.

## RULING

For the reasons that follow, plaintiffs Motion to Remand is denied.

### I

Plaintiff Darrell Guillot originally filed this action in state court alleging a variety of state law claims, including invasion of privacy and the intentional infliction of emotional distress, and federal claims under 47 U.S.C. § 605 *et seq.* and 18 U.S.C. § 2510 *et seq.* His suit named as defendants Bellsouth Telecommunications, Inc., Karen Deville and Rosemary Delrie. On 27 December 1994, Bellsouth properly removed the case to this court based on federal question jurisdiction under 28 U.S.C. § 1331.

On 5 February 1996, plaintiff filed a "First Supplemental Amending Petition" which deleted all his claims asserted under federal statutes. Plaintiff has now filed the instant Motion to Remand on the ground that subject matter jurisdiction no longer exists because only pendent state law claims remain.

Christopher J. Roy, Sr., Alexandria, LA, Jay A. Pucheu, Roy Pucheu & Luneau, Alexandria, LA, for plaintiff Guillot.

J. Michael Percy, Percy Smith & Foote, Alexandria, LA, Wayne T. McGaw, South Central Bell Legal Dept., New Orleans, LA, for defendant Bellsouth.

J. Michael Percy, Lauren G. Coleman, Alexandria, VA, for defendant and cross-claimant Deville.

Ronald J. Fiorenza, Provosty Sadler & Delaunay, Alexandria, LA, J. Michael Percy, Percy Smith & Foote, Alexandria, LA, for defendant and third-party plaintiff Delrie.

Randall M. Seeser, Gold Weems Bruser, Alexandria, LA, for third-party defendant Allstate Ins. Co.

Joseph P. Williams, Natchitoches, LA, for third-party defendant Louisiana Farm Bureau Cas. Ins. Co.

### II

Fifth Circuit precedent clearly establishes that a plaintiff's post-removal amendment of his petition, deleting all federal claims and leaving only pendent claims, does not divest the district court of properly triggered subject matter jurisdiction. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir.), *reh'g and suggestion for reh'g En Banc denied*, 43 F.3d 672 (1994); *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir.1990). Once a plaintiff has dropped the federal cause of action on which removal was originally based, the district court enjoys wide discretion in deciding whether to retain the pendent state law claims. *Brown*, 901 F.2d at 1254; *Jones v. Houston Independent School District.*, 979 F.2d 1004, 1007 (5th Cir.1992). The traditional considerations that must guide the district court in making this determination include "the values of judicial economy, convenience, fairness and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988).

In addition, the court may consider denying a remand when a plaintiff's post-removal abandonment of federal claims suggests that he has "'attempted to manipulate the forum' in which the case will be heard." *Brown,* 901 F.2d at 1255 (quoting *Carnegie–Mellon,* 484 U.S. at 357, 108 S.Ct. at 622).

 In the present case, we find first that judicial economy and convenience will best be served if this court retains jurisdiction over the pendent state law claims. During the fifteen month period since removal, more than sixty pleadings have been filed in this case alone.[1] Furthermore, this court has expended considerable effort familiarizing itself with the tangled web of facts involved in this litigation, ruling on discovery disputes, and ruling on summary judgment motions on a cross claim and a third party demand in a related case. In short, a remand to state court would waste scarce judicial resources. *See Brown,* 901 F.2d at 1250 (fact that court had presided over a year of discovery and became "intimately familiar" with facts meant remand would result in waste of judicial resources); *cf. Engstrom v. First Nat. Bank of Eagle Lake,* 47 F.3d 1459, 1465 (5th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 75, 133 L.Ed.2d 35 (1995) (remand not an abuse of discretion where amount of judicial resources invested in case was "remarkably small").

In addition, we note that all the individuals and attorneys involved in the litigation reside in the vicinity of this court. Thus, our retention of jurisdiction would cause no more inconvenience than remand would entail and, indeed, might lessen the burden on all parties by speeding resolution of the case.

Finally, we note that plaintiff has not offered any reason for remand other than its mistaken attempt to claim that this court lacks subject matter jurisdiction. As a result, we must conclude that plaintiff's "sole apparent reason for seeking remand was to destroy removal jurisdiction." *Jones,* 979 F.2d at 1007, that is, "precisely the sort of forum manipulation proscribed by *Carnegie–Mellon.*" *Brown,* 901 F.2d at 1255. This naked attempt at forum manipulation should not be allowed.

Because all the *Carnegie–Mellon* considerations recommend to this court that we exercise our discretion to retain jurisdiction over plaintiff's pendent state law claims, plaintiff's Motion to Remand is, accordingly, DENIED.

---

1. A closely related case involving many of the same individuals and some of the same allegedly unlawful actions has occupied this court's attention for an equally long period. *See Douglas Brian Smith v. Bellsouth Telecommunications, Inc.,* Civ. No. 95–0211.